IN THE UNITED STATES DISTRICT COURT
FOR THE SOTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TROY COVEY,<br><br>Plaintiff,<br><br>v.<br><br>COURTNEY BUNTIN VICTOR d/b/a GLOW MEDSPA; CATHERINE KERLEY, individually; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV424-32<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TROY COVEY, by and through his undersigned counsel, brings this Complaint against Defendants, COURTNEY BUNTIN VICTOR d/b/a GLOW MEDSPA; CATHERINE KERLEY, individually; and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Troy Covey ("Covey") is an individual and professional photographer residing in New York.

3. Upon information and belief, Defendant Courtney Buntin Victor ("Victor") is an individual residing and/or transacting business in the State of Georgia under the trade name of "Glow MedSpa" and is or has operated Glow MedSpa at 415 Eisenhower Drive, Suite 6, Savannah, Georgia 31406 and 3 East Perry Street, 2nd Floor, Savannah, Georgia 31401.

4. Upon information and belief, Defendant Catherine Kerley ("Kerley") is an individual residing and/or transacting business in the State of Georgia.

5. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained

6. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over Plaintiff's

copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State the State of Georgia and/or Defendants transact business in the State of Georgia.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(c) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS
*Plaintiff Troy Covey*

10. Troy Covey is a successful commercial photographer specializing in beauty photography.

11. Covey's client list includes Lune + Aster, Briogeo, Clinique, Target, Peloton, Versed Skincare, e.l.f., and *SHAPE Magazine*.

12. Covey's portfolio of work is available for viewing by the general public at https://troycovey.com/ ("Covey Website").

13. Covey licenses his work for a fee.

14. Covey's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to Covey's work

deters would-be infringers from copying and profiting from his work without permission.

15. Covey is the sole author and exclusive rights holder to a photograph of a female model applying a creamy face wash to her face ("Skincare Photograph").

16. Attached as Exhibit A is a true and correct copy of the Skincare Photograph.

17. Covey registered the Skincare Photograph with the United States Copyright Office under Registration Number VAu 1-349-196 with an Effective Date of Registration of March 18, 2019.

### *Defendant Courtney Buntin Victor d/b/a Glow MedSpa*

18. Upon information and belief, Victor is the owner and operator of GlowMedSpa.

19. Upon information and belief Victor controls and manages the website https://www.glowsavannah.com/ ("Glow MedSpa Website").

20. According to the Glow MedSpa Website, Glow MedSpa is medical aesthetic treatment center offering a variety of treatments, including Botox injections, dermal fillers, Hydrafacial MD, and laser hair removal.

21. Glow MedSpa maintains an Instagram page under the handle @glowmedspa and can be found at https://www.instagram.com/glowmedspa/ ("Glow MedSpa Instagram Page").

22. The Glow MedSpa Instagram Page contains an active hyperlink ("Glow MedSpa Hyperlink") which will take the user to another webpage that provides additional links to book an appointment at Glow MedSpa; visit the Glow MedSpa Website; and purchase Glow MedSpa gift cards ("Glow MedSpa Hyperlink Page") and can be found at https://linktr.ee/glow.medspa.

23. Attached as Exhibit B is a true and correct screenshot of the Glow MedSpa Instagram Page including the access location of the Glow MedSpa Hyperlink.

24. The Glow MedSpa Hyperlink Page provides the user with the option to click on an area entitled "Book an Appointment" which contains an active embedded link that takes users to the Glow MedSpa Website.

25. Attached as Exhibit C is a true and correct screenshot of the Glow MedSpa Hyperlink Page including the area entitled "Book an Appointment."

26. At all relevant times, the Glow MedSpa Website and the Glow MedSpa Instagram Page were readily accessible to the general public throughout Georgia, the United States, and the world.

27. At all relevant times, Victor is, or was, the principal officer, owner, or member of Glow MedSpa and had a direct financial interest in the content and activities of the Glow MedSpa Website and the Glow MedSpa Instagram Page (including the activities alleged in this Complaint).

28. At all relevant times, Victor had the ability to supervise and control all content on the Glow MedSpa Website and the Glow MedSpa Instagram Page.

29. Victor and Glow MedSpa generate content on the Glow MedSpa Website and the Glow MedSpa Instagram Page for commercial purposes to attract user traffic to Glow MedSpa, to market and promote Glow MedSpa's services, and to increase the customer base and revenue for the company.

### *Defendant Catherine Kerley*

30. Upon information and belief, Kerley is a professional esthetician providing services at Glow MedSpa.

31. Kerley maintains an Instagram page at @esti.cat and can be found at https://www.instagram.com/esti.cat/ ("Kerley Instagram Page").

32. The Kerley Instagram Page contains an active hyperlink ("Kerley Hyperlink") containing additional links to book an appointment, visit the Glow MedSpa Website, and purchase Glow MedSpa gift cards ("Kerley Hyperlink Page) and can be found at https://linktr.ee/esticat.

33. Attached as Exhibit D is a true and correct screenshot of the Kerley Instagram Page including the access location of the Kerley Hyperlink.

34. The Kerley Hyperlink Page provides the user with the option to click on an area entitled "Book Now" which contains an active embedded link that takes users to the Glow MedSpa Website.

35. Attached as Exhibit E is a true and correct screenshot of the Kerley Hyperlink Page including the area entitled "Book Now."

36. At all relevant times, the Kerley Instagram Page was readily accessible to the general public throughout Georgia, the United States, and the world.

37. At all relevant times, Kerley had the ability to supervise and control all content on the Kerley Instagram Page.

38. Kerley generates content on the Kerley Instagram Page for commercial purposes to attract user traffic to the Glow MedSpa Website, market and promote Kerley's services at Glow MedSpa, and increase the customer base and revenue for Kerley.

### *Defendants Unauthorized Use of the Skincare Photograph and Willful Infringement*

39. On or about February 13, 2023, Covey discovered his Skincare Photograph being used in a joint post between Kerley and Glow MedSpa on the Glow MedSpa Instagram Page advertising a Papaya Enzyme Cleanser, proclaiming the cleanser "gently removes dead skin cells, leaves your skin soft + cleans, and nourishes skin with Papaya Fruit Extract, rich in vitamins and minerals" ("Glow MedSpa Post").

40. Attached hereto as Exhibit F are true and correct screenshots of the Skincare Photograph as used in the Glow MedSpa Post on the Glow MedSpa Instagram Page.

41. On or about February 13, 2023, Covey discovered his Skincare Photograph being used in a joint post between Kerley and Glow MedSpa on the Kerley Instagram Page advertising a Papaya Enzyme Cleanser, proclaiming the cleanser "gently removes dead skin cells, leaves your skin soft + cleans, and nourishes skin with Papaya Fruit Extract, rich in vitamins and minerals" ("Kerley Post").

42. Attached hereto as Exhibit G is a true and correct screenshot of the Skincare Photograph as used in the Kerley Post on the Kerley Instagram Page.

43. The purpose of the use of the Skincare Photograph in the Glow MedSpa Posts was to provide high-quality and aesthetically pleasing content on the Glow MedSpa Instagram Page congruent with Glow Medspa's marketing goals to entice users to book an appointment for services with Glow MedSpa.

44. The purpose of the use of the Skincare Photograph in the Kerley Post on the Kerley Instagram Page was to provide high-quality and aesthetically pleasing content on the Kerley Instagram Page to entice users to book an appointment for services with Kerley via the Glow MedSpa Website.

45. Covey does not have a record of the Skincare Photograph being licensed to Victor, Glow MedSpa, or Kerley nor did Covey grant Victor, Glow MedSpa, or Kerley permission or authorization to use, make a copy of, or publicly display the Skincare Photograph on the Glow MedSpa Instagram Page or the Kerley

Instagram Page.

46. Victor and Glow MedSpa (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Skincare Photograph and caused it to be uploaded to and displayed on the Glow MedSpa Instagram Page.

47. Kerley (including her agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of the Skincare Photograph and caused it to be uploaded to and displayed on the Kerley Instagram Page.

48. Victor, Glow MedSpa, and Kerley (including their agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Covey's original and unique Skincare Photograph in order to acquire a direct financial benefit, through revenue from the sales of Glow MedSpa's services, from the use of the Skincare Photograph.

49. After discovering the unauthorized use of the Skincare Photograph, Covey, through his counsel, sent cease and desist correspondence to Victor and Glow MedSpa and communicated with Victor and Glow MedSpa between February and July 2023 in an attempt to resolve this matter.

50. The parties were unable to resolve the matter.

51. As of February 1, 2024, the Skincare Image continues to be displayed on the Glow MedSpa Instagram Page and the Kerley Instagram Page.

52. Attached hereto as Exhibit H are true and correct screenshots of the Skincare Photograph, taken in Google Incognito mode, as displayed on the Glow MedSpa Instagram Page and the Kerley Instagram page February 1, 2024.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101, *et seq.*

53. Covey incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Covey owns a valid copyright in the Skincare Photograph.

55. Covey registered the Skincare Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

56. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) copied and displayed Covey's unique and original Skincare Photograph without Covey's consent or authorization in violation of 17 U.S.C. § 501.

57. Defendants willfully infringed upon Covey's rights in his copyrighted Skincare Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license or permission to use Skincare Photograph.

58. In addition, Victor and Glow MedSpa willfully infringed Covey's rights in his copyrighted Skincare Photograph because they continued to use the

Skincare Photograph at least through February 1, 2024, after being sent correspondence and communicating with Covey's counsel that they must cease and desist use of the Skincare Photograph.

59. As a result of Defendants' violations of Title 17 of the U.S. Code, Covey has sustained significant injury and irreparable harm.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Covey is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Covey's election, statutory damages in an amount up to $150,000.00 for each infringement, pursuant to 17 U.S.C. § 504(c).

61. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

62. Covey is also entitled to injunctive relief to prevent or restrain infringement of the copyright in his Skincare Photograph pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Covey prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Covey's copyright interest in the Skincare Photograph by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Covey's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of Covey's copyrighted Skincare Photograph pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: February 14, 2024                     Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
GA State Bar No. 639678
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Troy Covey, hereby demands a trial by jury in the above matter.

Dated: February 14, 2024               Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
GA State Bar No. 639678
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law
*Counsel for Plaintiff*